JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Helen Howard, Cyril Emiko, and Felicia Bell, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff     Marion, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sarah R. Schalman-Bergen, Berger Montague PC, 1818 Market St., Philadelphia, PA 19103, (215) 875-3000

## DEFENDANTS

Nordic Consulting, Inc.

County of Residence of First Listed Defendant     Dane, WI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 USC 201, et seq.

Brief description of cause:
Unpaid wages, including overtime compensation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____     DOCKET NUMBER _____

DATE
10/28/2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HELEN HOWARD, CYRIL EMIKO, | ) | |
| AND FELICIA BELL, | ) | Civil Action No. |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CLASS AND COLLECTIVE** |
| | ) | **ACTION COMPLAINT** |
| NORDIC CONSULTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Helen Howard ("Howard"), Cyril Emiko ("Emiko"), and Felicia Bell ("Bell") (collectively "Plaintiffs") through their undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant Nordic Consulting, Inc. ("Defendant" or "Nordic"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania law, seeking payment of unpaid wages. Plaintiffs, on behalf of themselves and others similarly situated, also seek liquidated damages for the failure to pay overtime wages, as well as attorneys' fees and costs.

2.      Plaintiffs allege that they and other similarly situated consultants were knowingly and improperly classified by Nordic as exempt employees, and, as a result, did not receive compensation for hours worked in excess of forty (40) in a workweek in violation of the FLSA and Pennsylvania law. Plaintiffs also allege that Nordic made improper deductions from their pay

in violation of Pennsylvania law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Plaintiffs performed work for Defendant at Lehigh Valley Hospital in Allentown, Pennsylvania, within this judicial district, and therefore a substantial part of the events giving rise to Plaintiffs' claims took place in this district.

## PARTIES

5.      Plaintiff Helen Howard ("Howard") is an individual residing in Ocala, Florida.

6.      Howard worked for Defendant as a consultant providing support and training to Defendant's clients in using a new recordkeeping system at Lehigh Valley Hospital between July 2020 and September 2020.

7.      Pursuant to 29 U.S.C. § 216(b), Howard has consented in writing to participate in this action. *See* Ex. A.

8.      Plaintiff Cyril Emiko ("Emiko") is an individual residing in Kennesaw, Georgia.

9.      Emiko worked for Defendant as a consultant providing support and training to Defendant's clients in using a new recordkeeping system at Lehigh Valley Hospital between June 2020 and September 2020.

10.     Pursuant to 29 U.S.C. § 216(b), Emiko has consented in writing to participate in this action. *See* Ex. A.

11.     Plaintiff Felicia Bell ("Bell") is an adult resident of Winston-Salem, North Carolina.

12.     Bell worked for Defendant as a consultant providing support and training to Defendant's clients in using a new recordkeeping system at Lehigh Valley Hospital between July 2020 and September 2020.

13.     Pursuant to 29 U.S.C. § 216(b), Bell has consented in writing to participate in this action. *See* Ex. A.

14.     Nordic Consulting, Inc. ("Defendant" or "Nordic") is a Wisconsin corporation which provides information technology educational services for the healthcare industry across the United States. Nordic has its headquarters at 2601 W Beltline Hwy Suite 600, Madison, Wisconsin.

15.     Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16.     Defendant's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE ACTION DEFINITION

17.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential FLSA opt-in litigants:

> All individuals who worked for Nordic providing training and support to Nordic's clients in using electronic recordkeeping systems in the United States from October 28, 2017 to the present and were classified as exempt employees (the "FLSA Collective").

18.     Plaintiffs bring Counts II - IV of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class:

All individuals who worked for Nordic providing training and support to Nordic's clients in using electronic recordkeeping systems in the United States from October 28, 2016 to the present and were classified as exempt employees (the "Pennsylvania Class").[1]

19.     The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes."

20.     Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

21.     As healthcare information technology firm, Defendant provides training and support to healthcare facilities in connection with the implementation of new electronic recordkeeping systems.

22.     Defendant employs consultants, such as Plaintiffs, who perform such training and support services throughout the United States.

23.     Defendant's financial results are significantly driven by the number of consultants performing training and support services for Defendant's customers, and the fees that Defendant charges the customers for these services.

24.     Between June and September 2020, Plaintiffs were assigned by Nordic to provide educational and support services to healthcare staff at Lehigh Valley Hospital in Allentown, Pennsylvania.

25.     Plaintiffs worked with healthcare staff in a classroom setting and one-on-one on the hospital floor, teaching them how to use the Epic electronic recordkeeping system and answering any questions they had in the process.

---

[1] The statute of limitations for Count IV (Unjust Enrichment) is four (4) years. The statute of limitations on Counts II-III is three (3) years.

26.     Plaintiffs were classified by Defendant as exempt employees. Although Plaintiffs routinely worked up to 70 hours a week, they did not receive compensation for hours worked in excess of 40 a week.

27.     In addition, while Defendant offered to sponsor an EPIC certification course for Plaintiffs during their time working on the Lehigh Valley project, the Plaintiffs were not permitted to complete the course, and Defendant subsequently deducted the cost of this course, approximately $1,000, from the Plaintiffs' pay.

**Plaintiffs and FLSA Collective Members are not Exempt as "Computer Employees" or "Highly Compensated Employees" under the FLSA**

28.     Plaintiffs and FLSA Collective Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs.

29.     Plaintiffs and FLSA Collective Members were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

30.     Plaintiffs' and FLSA Collective Members' primary duties consisted of training and aiding healthcare staff, in a classroom ad one-on-one, with using the new recordkeeping software. Plaintiffs' and FLSA Collective Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and FLSA Collective Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

31.     Plaintiffs and FLSA Collective Members did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiffs and FLSA Collective Members did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

32.     While Plaintiffs' and FLSA Collective Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and FLSA Collective Members provided support and training in using electronic recordkeeping systems to Defendant's clients.

33.     Plaintiffs and FLSA Collective Members did not perform the duties of an exempt executive, administrative, or professional employee, as defined in 29 U.S.C. § 13(a)(1). Plaintiffs and FLSA Collective Members worked on the hospital floor or in a classroom setting, and provided basic at-the-elbow support and instruction in suing a new electronic recordkeeping system, walking hospital staff through how to input, save, and retrieve medical records, input patient medications, etc.

34.     Plaintiffs and FLSA Collective Members did not have a role in managing Nordic's operations; did not regularly direct the work of other Nordic employees; and did not hire or fire other employees.

35.     Plaintiffs and FLSA Collective Members did not perform work related to management and/or general business operations of Nordic. Plaintiffs and FLSA Collective Members did not exercise discretion as to matters of significance - they were assigned to a

particular part of the hospital, were required to follow a set schedule; and were given specific parameters within which to help the hospital staff navigate the electronic recordkeeping system.

36.     Plaintiffs and FLSA Collective Members did not perform work requiring advanced knowledge in a field of science or learning – they were not required to have a specific educational background, and their work involved basic at-the-elbow training and support, in which they assisted hospital staff learning to use a new electronic recordkeeping system.

**Defendant Willfully Violated the FLSA**

37.     Defendant had no reasonable basis to believe that Plaintiffs and the FLSA Collective Members were exempt from the requirements of the FLSA. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiffs and the FLSA Collective Members as exempt employees. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act, including the following:

      a.  At all times relevant hereto, Defendant maintained payroll records which reflected the fact that Plaintiffs and the FLSA Collective Members did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiffs and the FLSA Collective Members worked overtime;

      b.  At all times relevant hereto, Defendants knew that they did not pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

      c.  As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, Defendant was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively with

healthcare workers employed by Defendant's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for consultants, Defendant knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, Defendant was aware that their consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. Defendant lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendant deliberately misclassified its consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, Defendant had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying tits consultants as exempt employees.

38. Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

39.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

40.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

41.     Plaintiffs and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have not been paid wages, including the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common misclassification, compensation and payroll practices.

42.     The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

43.     Defendant misclassified Plaintiffs and FLSA Collective Members as exempt employees, and, as a result, failed to provide them overtime compensation for hours worked in excess of 40 a week.

44.     The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

45.     Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose

of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**COUNT I**
**FLSA – Overtime Compensation**
**(On Behalf of Plaintiffs and the FLSA Collective)**

46.     All previous paragraphs are incorporated as though fully set forth herein.

47.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

48.     Defendant is subject to the wage requirements of the FLSA because Defendants is an "employer" under 29 U.S.C. § 203(d).

49.     At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

50.     During all relevant times, Plaintiffs and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

51.     Plaintiffs and the FLSA Collective Members are not exempt from the requirements of the FLSA.

52.     Plaintiffs and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

53.     Defendant, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiffs and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiffs and the FLSA Collective as exempt employees.

54.     Defendant knowingly failed to compensate Plaintiffs and the FLSA Collective

Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

55.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

56.     In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

57.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Pennsylvania Class defined above.

58.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

59.     Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

60.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation, whether Nordic has violated and continues to violate Pennsylvania law through its policy or practice of not paying its employees overtime compensation.

61.     Plaintiffs' claims are typical of the claims of the Pennsylvania Class members in the following ways, without limitation: (a) Plaintiffs are members of the Pennsylvania Class; (b)

Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

62.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

63.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class members are readily identifiable from Nordic's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Nordic.

64.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to

maintain separate suits against Nordic.

65.    Without a class action, Nordic will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiffs and the Pennsylvania Class)

66.    All previous paragraphs are incorporated as though fully set forth herein.

67.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

68.    Nordic is subject to the overtime requirements of the PMWA because Nordic is an employer under 43 P.S. § 333.103(g).

69.    During all relevant times, Plaintiffs and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

70.    Nordic's compensation scheme that is applicable to Plaintiffs and the Pennsylvania Class members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

71.    Nordic knowingly failed to compensate Plaintiffs and the Pennsylvania Class members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

72.    Pursuant 43 P.S. § 333.113, employers, such as Nordic, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the

wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

73.   In violating the PMWA, Nordic acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
### Violations of the Pennsylvania Wage Payment Law – Unlawful Deductions
### (On Behalf of the Pennsylvania Class)

74.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

75.   Defendant's actions violate the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et seq*.

76.   The PWPCL provides, in relevant part, as follows:

> Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. . . All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period. The wage shall be paid in lawful money of the United States or check, except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employer, may be made. . .

43 P.S. § 260.3

77.   Plaintiffs were employees of Defendant within the meaning of the PWPCL and, as such, were entitled to timely payment of wages due to them.

78.   Defendant is an employer within the meaning of the PWPCL.

79.   Defendant's policy of deducting, either directly or by separate transaction, amounts from the wages of Plaintiffs and the Pennsylvania Class for EPIC certification courses, results in a violation of the PWPCL.

80.   Plaintiffs and the Pennsylvania Class Members have entered into Agreements with Defendant pursuant to which Plaintiffs and the Pennsylvania Class are to receive certain wages, in compensation for their work as consultants.

81.   Defendant's deduction from the wages due to Plaintiffs and the Pennsylvania Wage Deduction Class are not authorized deductions within the meaning of the PWPCL and, upon information and belief, have not been authorized by the Pennsylvania Department of Labor and Industry.

82.   Any consent or agreement by Plaintiffs and the Pennsylvania Class related to the aforesaid deductions from their wages is unenforceable as contrary to public policy, as set forth in the PWPCL.

83.   Accordingly, Plaintiffs and the Pennsylvania Class are entitled to wages, compensatory damages, statutory penalties, litigation costs, counsel fees, pre- and post-judgment interest, and such further relief as may be just and proper.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

84.   All previous paragraphs are incorporated as though fully set forth herein.

85.   Nordic has received and benefited from the uncompensated labors of Plaintiffs and the Pennsylvania Class members, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

86.   At all relevant times hereto, Nordic devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the Pennsylvania Class members without paying overtime compensation for hours worked in excess of 40 a week, and induced Plaintiffs to sign up for a certification course, which it then required Plaintiffs to pay for.

87.     Contrary to all good faith and fair dealing, Nordic induced Plaintiffs and the Pennsylvania Class members to perform work while failing to pay overtime compensation for hours worked in excess of 40 a week as required by law, and induced Plaintiffs to take an EPIC certification course, which Plaintiffs were not permitted to complete, while ultimately requiring Plaintiffs to bear the cost of this course.

88.     By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class members without paying overtime compensation as required by law, and by improperly requiring Plaintiffs to bear the costs of an EPIC certification course, Nordic enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the Pennsylvania Class members. Nordic retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

89.     Accordingly, Plaintiffs and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Nordic.

## JURY TRIAL

90.     Plaintiffs demand a trial by jury for all issues of act.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Classes:

    a.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

16

c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d.  An order appointing Plaintiffs' attorneys as Class Counsel;

e.  Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f.  Liquidated damages to the fullest extent permitted under the law;

g.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h.  Such other and further relief as this Court deems just and proper.

Dated: October 28, 2020                      Respectfully submitted,

s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen (PA 206211)
Alexandra K. Piazza (PA 315240)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
apiazza@bm.net

Olena Savytska
Harold Lichten
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
osavytska@llrlaw.com
hlichten@llrlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ P.O. Box 2823, Ocala, Florida 34478 _____

Address of Defendant: _____ 2601 W. Beltline Highway, Suite 600, Madison, WI 53713 _____

Place of Accident, Incident or Transaction: _____ Allentown, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/28/2020 _____  _____  206211

  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☑ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Sarah R. Schalman-Bergen _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/28/2020 _____  _____  206211

  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| HELEN HOWARD, CYRIL EMIKO, AND FELICIA BELL, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| v. | : : | |
| NORDIC CONSULTING, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)            (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )


| October 28, 2020 | Sarah R. Schalman-Bergen | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 875-3053 | (215) 875-4604 | sschalman-bergen@bm.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# EXHIBIT A

**CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I consent and agree to pursue my claims arising out my work with Nordic Consulting, Inc. in connection with overtime claims.

2.      I worked for Nordic Consulting, Inc. in the position of consultant from on or about ___6/21/2020___ (month, year) to on or about ___9/11/2020___ (month, year).

3.      I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4.      I hereby designate Harold Lichten and Olena Savytska of Lichten & Liss-Riordan, P.C. (Plaintiffs' Counsel), to represent me for all purposes in this action.

5.      I also designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit.

Signature: _____

Date: ___10/6/2020_____

Name: ___Cyril Emiko_____

Address: 

Telephone: 

E-Mail: 

**COMPLETE AND RETURN TO:**
LICHTEN & LISS-RIORDAN, P.C.
ATTN: Rebecca Shuford
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
www.llrlaw.com
rshuford@llrlaw.com

**CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I consent and agree to pursue my claims arising out my work with Nordic Consulting, Inc. in connection with overtime claims.

2.      I worked for Nordic Consulting, Inc. in the position of consultant from on or about _____7/2020_____ (month, year) to on or about _____9/2020_____ (month, year).

3.      I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4.      I hereby designate Harold Lichten and Olena Savytska of Lichten & Liss-Riordan, P.C. (Plaintiffs' Counsel), to represent me for all purposes in this action.

5.      I also designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit.

Signature:      _Felicia Bell_____

Date:      _10/19/20_____

Name:      Felicia Bell

Address:

Telephone:

E-Mail:

**COMPLETE AND RETURN TO:**
LICHTEN & LISS-RIORDAN, P.C.
ATTN: Rebecca Shuford
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
www.llrlaw.com
rshuford@llrlaw.com

**CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I consent and agree to pursue my claims arising out my work with Nordic Consulting, Inc. in connection with overtime claims.

2.      I worked for Nordic Consulting, Inc. in the position of consultant from on or about ___July 27, 2020___ (month, year) to on or about ___September 11, 2020___ (month, year).

3.      I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4.      I hereby designate Harold Lichten and Olena Savytska of Lichten & Liss-Riordan, P.C. (Plaintiffs' Counsel), to represent me for all purposes in this action.

5.      I also designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit.

Signature:      _Helen Howard_____

Date:           _October 6, 2020_____

Name:           Helen Howard_____

Address:        _____

Telephone:

E-Mail:

**COMPLETE AND RETURN TO:**
LICHTEN & LISS-RIORDAN, P.C.
ATTN: Rebecca Shuford
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
www.llrlaw.com
rshuford@llrlaw.com