# Exhibit 1

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Collection Action Settlement Agreement and Release of Claims (as well as its exhibits) (collectively, this "Settlement Agreement") is entered into by and among Nordic Consulting Partners, Inc. (as well as its former and current directors, officers, agents, shareholders employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities) (collectively, "Nordic") and Helen Howard, Cyril Emiko, and Felicia Bell (collectively, the "Named Plaintiffs"), for themselves and on behalf of a collective class of all similarly situated individuals, in the case of *Helen Howard et al. v. Nordic Consulting, Inc.*, Case No. 5:20-cv-05392, filed in the U.S. District Court of the Eastern District of Pennsylvania (the "Lawsuit").

## RECITALS

WHEREAS, on October 28, 2020, the Named Plaintiffs filed the Lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Nordic seeking to recover allegedly unpaid overtime on behalf of themselves and similarly situated individuals;

WHEREAS, in connection with settlement negotiations throughout the course of the litigation, the Parties exchanged substantial information, data, and documents necessary to fully and fairly evaluate the claims of Settlement Collective Members (defined below), including relevant comprehensive payroll and time data for the Settlement Collective Members;

WHEREAS, Nordic denies all the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to these alleged facts or the cause of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever have agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the Parties recognize that the outcome in the Lawsuit is uncertain and that achieving the final result through the litigation process would require substantial additional risk, discovery, time, and expense to both Parties;

WHEREAS, the Named Plaintiffs and Plaintiffs' Counsel (defined below) have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all potential collective action members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the Parties have agreed to settle this case as to all individuals who worked for Nordic as credentialed trainers (either on an hourly or salaried basis); as security employees; or as principal trainers with job duties similar to those of credentialed trainers from October 28, 2017, to the date of approval of this Settlement Agreement and who worked more than 40 hours in any workweek without receiving overtime compensation. Nordic's records show there are 87 members of the Settlement Collective (defined below), and Plaintiffs' Counsel has relied on this number in entering into this Settlement.

DocuSign Envelope ID: 56B45A87-4ED5-42B9-AF62-06F0BE80E34A

NOW THEREFORE, the Parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1.    **Definitions**.  The following definitions apply to this Settlement Agreement:

a.    "Administrator Costs" means the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Settlement.

b.    "Attorneys' Fee and Expense Award" means such award of fees and expenses as the Court may authorize to be paid to Plaintiffs' Counsel for the services they have rendered and will render to the Named Plaintiffs and the Settlement Collective Members in the Lawsuit.  The Parties have agreed that the application for attorneys' fees shall not exceed one-third (1/3) of the Maximum Settlement Amount (*i.e.,* $88,333.33), inclusive of costs and expenses but exclusive of the Settlement Administrator costs to administer the settlement.

c.    "Plaintiffs' Counsel" means Lichten & Liss-Riordan, P.C and Berger Montague PC.

d.    "Collective Notice" means the Court-approved form of notice to Settlement Collective Members, substantially in the form as **Exhibit A,** attached hereto.

e.    "Collective Members" or "Settlement Collective Members" mean all persons who are or were employed by Nordic in an Eligible Position during the Released Claims Period.

f.    "Court" means the U.S. District Court for the Eastern District of Pennsylvania.

g.    "Effective Date" means the date when all of the following events have occurred: (1) the Settlement Agreement has been executed by all Parties, Plaintiffs' Counsel, and Nordic's Counsel; (2) the Court has given Final Approval to the Settlement Agreement; and (3) the Court has entered an Order dismissing the case.

h.    "Eligible Positions" means credentialed trainers; security employees; and principal trainers with job duties similar to those of credentialed trainers.

i.    "Final Approval Order" means the Order Granting Final Approval of the Settlement, in a form similar to that of **Exhibit C**, attached hereto, means an Order from the Court (i) asserting jurisdiction over the claims in the Lawsuit and the Settlement; (ii) granting final judgment pursuant to the terms provided herein (or as the same may be modified by subsequent mutual agreement, in writing, of the Parties); (iii) adjudging the terms of the Settlement Agreement to be a fair and reasonable resolution of a bona fide dispute, and directing consummation of its terms and provisions; (iv) certifying the Participating Collective Members as an FLSA collective pursuant to 29 U.S.C. § 216(b)

for purposes of this Settlement only; (v) dismissing the Lawsuit on the merits and with prejudice and permanently enjoining all Participating Collective Members who cash or deposit their Settlement Checks from prosecuting against Nordic and the Releasees; and (v) retaining jurisdiction to enforce the Settlement Agreement.

j.      "Final Approval" means that the Final Approval Order has been entered by the Court.

k.      "Individual Settlement Award" means the amount payable from the Net Settlement Amount to each Settlement Collective Member calculated as the individual's Percentage Share multiplied by the Net Settlement Amount.

l.      "Lawsuit" means *Helen Howard et al. v. Nordic Consulting, Inc.*, Case No. 5:20-cv-05392, filed in the U.S. District Court of the Eastern District of Pennsylvania.

m.      "Maximum Settlement Amount" means Two Hundred Sixty-Five Thousand Dollars ($265,000.00), which is the maximum amount that Nordic shall pay as a result of this Settlement Agreement, inclusive of all Individual Settlement Awards to Settlement Collective Members, the Attorneys' Fee and Expense Award, the Service Awards, the Payroll Taxes, and the Estimated Administrator Costs.

n.      "Net Settlement Amount" means the Maximum Settlement Amount less the Attorneys' Fee and Expense Award (as approved and ordered by the Court), the Service Awards (as approved and ordered by the Court), and the Estimated Administrator Costs.

o.      "Non-Participating Individuals" means all Settlement Collective Members who do not submit timely and valid Opt-In Consent Forms and for whom a consent to join the Lawsuit was not previously filed.

p.      "Nordic's Counsel" means Husch Blackwell LLP.

q.      "Opt-In Consent Form" means the form attached to the Collective Notice that Settlement Collective Members who have not previously opted into the Lawsuit must postmark and mail or otherwise return to the Settlement Administrator by the Response Deadline to become Participating Collectives Members. Any Settlement Collective Member who returns a timely Opt-In Consent Form will be deemed a Participating Collective Member and, if the Settlement receives Final Approval, shall be subject to and bound by all the terms of the Settlement.

r.      "Participating Collective Members" means all Settlement Collective Members who submit timely and valid Opt-In Consent Forms or for whom a consent to join the Lawsuit was previously filed.

s.      "Parties" means the Named Plaintiffs and Nordic.

t.      "Payroll Taxes" means the employer's estimated share of FICA, FUTA, and all other state and federal payroll taxes for the wage portions of the Individual Settlement Awards to Participating Settlement Collective Members.

u.     "Percentage Share" means each Settlement Collective Member's individual Workweeks divided by the Total Workweeks of all Settlement Collective Members.

v.     "Released Claims Period" means the time between October 28, 2017, and the date the Final Approval Order is entered.

w.     "Released Claims" means (1) for the Named Plaintiffs, all claims, demands, rights, liabilities, and causes of action of any kind that were or could have been asserted under federal, state, or local law against Nordic during the Released Claims Period and (2) for all other Participating Collective Members, all claims, demands, rights, liabilities, and causes of action that were or could have been asserted for all federal and state wage-and-hour violations against Nordic, including, but not limited to, the FLSA, as amended, 29 U.S.C. §§ 201 *et seq.*, and any similar claims under state or federal law during the Released Claims Period.

x.     "Response Deadline" means the date set by the Court by which Collective Members must return a valid Opt-In Consent Form.  The Response Deadline will be sixty (60) days from the initial mailing of the Collective Notice, unless the 60th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.  The Response Deadline may also be extended by express agreement between Plaintiffs' Counsel and Nordic.

y.     "Service Awards" means the sum paid to the Named Plaintiffs in recognition of their efforts in obtaining the benefits of the Settlement, subject to Court approval.  The Service Awards shall not exceed Two Thousand Five Hundred Dollars ($2,500.00) each.  The Service Awards will be in addition to the Individual Settlement Awards paid pursuant to the Settlement.

z.     "Settlement Administrator" means CPT Group Class Action Administrators, which shall serve as the Settlement Administrator.

aa.     "Settlement Collective List" means a list that Nordic shall provide to the Settlement Administrator of all of the Settlement Collective Members, including each Settlement Collective Member's (1) full name; (2) last known mailing address; (3) social security number; and (4) Workweeks.

bb.     "Settlement Fund" means an account accessible only to the Settlement Administrator in which the settlement funds received from Nordic are deposited and from which payments are distributed as specified in this Settlement Agreement.

cc.     "Settlement" means the terms and conditions set forth in this Settlement Agreement.

dd.     "Total Workweeks" means the sum of all Workweeks for all Collective Members.

ee.     "Workweeks" means the total number of calendar weeks (defined as beginning on Sunday at 12:00 AM and ending on the following Saturday at 11:59 PM)

during the Released Claims Periods in which an individual performed any work in an Eligible Position. The Settlement Administrator will calculate the number of Workweeks for each Collective Member during the Released Claims Period based on Nordic's business records.

2. **Settlement.** It is agreed by and among the Parties that this Lawsuit and any claims, damages, or causes of action arising out of or related to the dispute that is the subject of the Lawsuit, shall be settled and compromised as between the Participating Collective Members and Nordic, subject to court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

3. **Allocation of Maximum Settlement Amount.** Nordic agrees to pay the Maximum Settlement Amount to resolve the Released Claims. All payments to and on behalf of the Participating Collective Members, the Service Awards, the Attorneys' Fees and Expense Award, and the Estimated Administrator Costs will be paid from this Maximum Settlement Amount. The Payroll Taxes for the wage portions of the Individual Settlement Awards will also be deducted from the Maximum Settlement Amount. Under no condition will Nordic's total liability, including all payments to Participating Collectives Members, exceed the Maximum Settlement Amount under the terms of this Settlement Agreement. To the extent that Collective Members fail to opt-in, the Individual Settlement Award allocated to those Non-Participating Individuals will revert to Nordic in recognition of the fact that only Participating Collective Members will release claims in favor of Nordic. The Maximum Settlement Amount shall be allocated into the following settlement components:

a. **Individual Settlement Awards to Collective Members.** To calculate each Collective Member's Individual Settlement Award, will multiply the Net Settlement Amount by the Collective Member's Percentage Share. Each Collective Member's Percentage Share shall be calculated by dividing each Collective Member's total individual Workweeks by the Total Workweeks of all Collective Members.

b. **Service Awards.** The Named Plaintiffs will each receive Service Awards, subject to Court approval, in an amount not to exceed Two Thousand Five Hundred Dollars ($2,500.00), for a total of Seven Thousand Five Hundred Dollars ($7,500.00), subject to approval by the Court. Nordic does not oppose the amounts of these Service Awards. The Settlement Administrator shall issue an IRS Form 1099 to the Named Plaintiffs for their Service Awards. The Named Plaintiffs shall be solely and legally responsible to pay any and all applicable taxes on their Service Awards and shall hold harmless Nordic, Plaintiffs' Counsel, and Nordic's Counsel from any claim or liability for taxes, penalties, or interest arising as a result of payment of the Service Awards. The enforceability and binding nature of this Settlement Agreement shall not be impacted in any manner in the event that the Court refuses to award the entire amount sought by the Plaintiffs for the Service Awards. Any portion of the requested Service Awards not approved by the Court shall become part of the Net Settlement Amount.

c. **Attorneys' Fees and Expenses Award.** In consideration for settling this matter and in exchange for the release by the Collective Members, and subject to final approval by the Court, Nordic agrees not to oppose Plaintiffs' Counsel's application to the

Court for an award of attorneys' fees and costs in the amount of one-third (1/3) of the Maximum Settlement Amount (*i.e.,* \$88,333.33) to compensate and reimburse Plaintiffs' Counsel for all the work already performed by Plaintiffs' Counsel, for the actual costs incurred by Plaintiffs' Counsel in the Lawsuit, and for all of the expected work remaining to be performed by Plaintiffs' Counsel in documenting the Settlement, securing approval of the settlement, and making sure that the Settlement is fairly administered and implemented, and for counseling all Collective Members until finality. Plaintiffs' Counsel will apply for an award of attorneys' fees and costs to be approved by the Court. Any amount requested for the Attorneys' Fees and Expenses Award that are not awarded by the Court shall be included in the Net Settlement Amount. The enforceability and binding nature of this Settlement Agreement shall not be impacted in any manner in the event that the Court refuses to award the entire amount sought by Plaintiffs' Counsel for its reasonable attorneys' fees and costs. Except as provided in this Paragraph, Plaintiffs, Collective Members, and Nordic shall bear his, her, or its own attorneys' fees and costs. No attorneys' fees shall be awarded to any Collective Member who chooses to retain their own personal counsel in relation to the Settlement. Nordic agrees that the one-third (1/3) Attorneys' Fee and Expense Award percentage of the Maximum Settlement Amount is consistent with and within the range of attorney fee awards in similar wage-and-hour class and collective actions and is thus fair and reasonable.

        d.      **Administrator Costs.** Subject to the Court's approval, the Settlement Administrator will receive the Administrator Costs in exchange for the duties performed by it to administer the Settlement. Prior to the Parties filing a motion for final approval of the Settlement, the Settlement Administrator shall provide the Parties with a statement detailing the Administrator Costs to date. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize Administrator Costs. The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities required by the Settlement. Fees and expenses of the Settlement Administrator are estimated to be \$1,000.00 (the "Estimated Administrator Costs"). The Estimated Administrator Costs are included in the Maximum Settlement Amount. Any Administrator Costs in excess of the Estimated Administrator Costs shall be paid by Nordic separate from the Maximum Settlement Amount.

4.      **<u>Notice and Opt-In Process</u>.**

        a.      **Collective Action Certification and Approval of Settlement.** The Parties agree to seek the Court's approval of the Settlement Agreement and, for settlement purposes only and not for any other purpose, certification under 29 U.S.C. § 216(b) of a collective of all individuals employed Nordic in Eligible Positions during the Claims Released Period, for the purpose of seeking allegedly unpaid overtime.

        b.      **Request for Approval of Settlement.** Within twenty-one (21) calendar days after all Parties have executed this Settlement Agreement, Plaintiffs' Counsel shall present this Settlement Agreement to the Court, along with a Joint Motion for Final Approval of Settlement, which shall request the following:

(i)       Final approval of the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

(ii)      Final Certification for settlement purposes of a collective action under FLSA, 29 U.S.C. § 216(b);

(iii)     Approval of the Notice substantially in the form of **Exhibit A** for distribution to all Collective Members;

(iv)     A direction to the Settlement Administrator to distribute the Class Notice in the form approved by the Court to Collective Members;

(v)      A direction that each Collective Member who wishes to participate in this Settlement must return a signed Opt-In Consent Form per the instructions set forth in the Notice, and that their opt-in form must be faxed, e-mailed, or post-marked and addressed to or received by the Response Deadline;

(vi)     A ruling on Plaintiffs' Counsel's request for attorneys' fees and costs, as well as the Service Awards to the Named Plaintiffs; and

(vii)    An Order dismissing the Litigation on the merits and with prejudice pursuant to the terms of the Settlement Agreement, and granting final judgment; and retaining jurisdiction to oversee and enforce the Settlement Agreement.

5.       **Settlement Administration.**   The Parties agree to the following procedure for Settlement administration:

a.       **Collective Data.**   Within the later of five (5) business days after Final Approval, Nordic will provide to the Settlement Administrator the Collective List.   All information provided by Nordic to the Settlement Administrator shall be held in confidence and shall be used solely for purposes of effectuating this Settlement Agreement.   The Settlement Administrator will make reasonable efforts to obtain valid, current addresses for Collective Members through the national change of address database.

b.       **Initial Settlement Calculations.**   Using the Collective List, the Settlement Administrator will calculate the Individual Settlement Awards and provide Plaintiffs' Counsel and Nordic's Counsel with a statement of the Individual Settlement Amount Awards, including only the Settlement Collective Members' names, Workweeks, and corresponding Individual Settlement Award (the "Initial Settlement Calculations").   Nordic and Plaintiffs' Counsel must raise any objections to the Initial Settlement Calculations within five (5) business days of receipt of the Initial Settlement Calculations from the Settlement Administrator.   If the objection(s) cannot be resolved by the Parties and the Settlement Administrator within five (5) business days of being raised by Nordic and/or Plaintiffs' Counsel, the Parties will present the objection(s) to the Court within five (5) business days thereafter for resolution.

c.       **Issuance of Notice and Opt-In Form.**   Within ten (10) calendar days of receipt of the agreed settlement calculations from Plaintiffs' Counsel and Nordic's

Counsel, the Settlement Administrator shall issue the Notice of Collective Action and Settlement ("Notice") in a form substantially similar to what is attached hereto and made part of this Settlement Agreement as **Exhibit A** to all Collective Members. The Notice shall inform each Collective Member of their right to opt-in to the collective action and Settlement and the method for calculating the Individual Settlement Award they may be entitled to receive if they choose to participate in the Settlement. Each Notice shall include an Opt-In Consent Form in a form substantially similar to what is attached hereto and made part of this Settlement Agreement as **Exhibit B** to all Collective Members. The Opt-In Consent Form shall provide a mechanism for each Collective Member to affirm by signature that (i) they worked more than forty (40) hours in at least one workweek in an Eligible Position during the Released Claims Period without receiving overtime compensation, and (ii) they wish to opt in to the Lawsuit. Collective Members wishing to make a claim under the Settlement must sign, fax, e-mail, or postmark and mail the Opt-In Consent Form no later than the Response Deadline. Only those Collective Members who have previously opted into the Lawsuit or who satisfy these requirements will become Participating Collective Members for the purposes of this Settlement Agreement.

d. **Settlement Fund Statement**. Within fourteen (14) days after the Settlement Administrator receives a copy of the Final Order Approving Settlement from the Parties, the Administrator shall send to Plaintiffs' Counsel and Nordic's Counsel a final statement of amounts to be paid pursuant to the Settlement, including the Individual Settlement Awards for the Participating Collective Members, the Attorneys' Fee and Expense Awards, the Service Awards, the Payroll Taxes, and the Estimated Administrator Costs (the "Settlement Fund Statement"). Nordic and Plaintiffs' Counsel must raise any objections to the Settlement Fund Statement within five (5) business days of receipt of the Settlement Fund Statement from the Settlement Administrator. If the objection(s) cannot be resolved by the Parties and the Settlement Administrator within five (5) business days of being raised by Nordic and/or Plaintiffs' Counsel, the Parties will present the objection(s) to the Court within five (5) business days for resolution.

e. **Communications.** The Settlement Administrator shall provide Plaintiffs' Counsel and Nordic with notice of each Opt-In Consent Form within five (5) calendar days of receiving same, and also provide periodic updates to the Parties regarding the status of the claims administration process.

6. **Release.** Upon Nordic issuing payments to the Named Plaintiffs and Participating Collective Members, the Named Plaintiffs and the other Participating Collective Members shall release the Released Claims.

7. **Settlement Fund.** Within fourteen (14) calendar days of the Response Deadline, Nordic shall remit to the Settlement Administrator the amount specified in the Settlement Fund Statement corresponding to the Participating Collective Members' Individual Settlement Awards, as well as amounts corresponding to the attorneys' fees, costs, and Service Awards. These funds shall be placed in an escrow account accessible to only the Settlement Administrator.

8.     **Settlement Payments.**

a.     **Settlement Checks.**  The Settlement Administrator shall issue payment from the Settlement Fund to Plaintiffs' Counsel for the Court-approved Attorneys' Fees and Expense Award, to the Named Plaintiffs for the Court-approved Service Awards, and for the Individual Settlement Awards to the Participating Collective Members within five (5) calendar days after the date the Settlement Fund is remitted by Nordic to the Settlement Administrator.

b.     **Reissuing of Payments.**  If any checks issued under this Agreement are returned as undeliverable, the Settlement Administrator shall promptly attempt to locate the person.  After one-hundred eighty (180) calendar days following issuance of the settlement checks, all un-cashed checks shall be voided and the amount of any proceeds from uncashed checks will revert to Nordic.

c.     **Tax Treatment.**  For tax purposes, one-half of each Individual Settlement Award shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2.  The remaining one-half of each Individual Settlement Award shall be deemed compensation for interest and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.  The amounts payable under this Settlement Agreement will not trigger any additional benefits or liabilities under Nordic's benefits plans, including any retirement plans in which Participating Collective Members participate(d).  It is the intent of this Settlement Agreement that the amounts payable provided for in this Settlement Agreement are the sole payments to be made by Nordic, and that no Participating Collective Member shall be entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement Agreement).  Attorneys' fees and costs paid pursuant to Paragraph 3(c) shall be paid without withholding and shall be reported to the IRS on an IRS Form 1099.  Plaintiffs' Counsel, Named Plaintiffs, and Participating Collective Members are responsible for their respective individual taxes.  Under no circumstances shall Nordic be liable should Plaintiffs' Counsel, Named Plaintiffs, or Participating Collective Members fail to pay their portion of any taxes due on the amounts payable.

9.     **Potential Voiding of the Settlement Agreement.**  A failure of the Court to approve any material condition of this Settlement Agreement that effects a fundamental change of the Parties' Settlement Agreement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.  However, neither Party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of the Service Awards or Attorney's Fee and Costs Award, provided they do not exceed the amounts listed in this Settlement Agreement.

10.     **Publicity and Confidentiality.**  Unless otherwise required by law or with prior written consent by Nordic, the Named Plaintiffs and their counsel agree to keep the nature and terms of this Settlement Agreement confidential and they shall neither disclose nor publicize the

fact of or terms of the resolution of the Lawsuit or the existence or terms of this Settlement Agreement to any person other than Nordic's current or former employees, the Named Plaintiffs' lawyers or accountants, a governmental agency, or the Named Plaintiffs' immediate family without the prior written consent of Nordic. If disclosure is required by law, the disclosing party agrees to give notice to Nordic prior to such disclosure.

11.  **Service or Notice.**  Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Nordic, Nordic's Counsel, or Plaintiffs' Counsel, such service or notice shall be directed to the individuals and addresses specified below:

As to Plaintiffs' Counsel or Named Plaintiffs:

> Alexandra K. Piazza (PA 315240)
> BERGER & MONTAGUE, P.C.
> 1818 Market Street, Suite 3600
> Philadelphia, PA  19103
>
> Sarah Schalman-Bergen
> Olena Savytska
> LICHTEN & LISS-RIORDAN, P.C.
> 729 Boylston St., Suite 2000
> Boston, MA 02116

As to Nordic's Counsel or Nordic:

> Andrew J. Weissler
> Husch Blackwell LLP
> 190 Carondelet Plaza, Suite 600
> St. Louis, Missouri 63105

12.  **No Admission of Liability.**  By entering into this Settlement Agreement, Nordic admits no liability of any kind, and Nordic expressly denies any liability or wrongdoing. Accordingly, the Parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

a.  Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Nordic, including but not limited to evidence of any presumption, concession, indication, or admission by Nordic of any liability, fault, wrongdoing, omission, concession, or damages; or

b.  Disclosed, referred to, or offered or received in evidence against Nordic, in any further proceeding in the Lawsuit or any other civil, criminal, or administrative action or proceeding except for purposes of settling this Lawsuit pursuant to the Settlement Agreement.

13.    **Choice of Law.**  The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Pennsylvania whether or not any Party is or may hereafter be a resident of another state and without regard to Pennsylvania choice of law provisions.

14.    **Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

15.    **No Waivers, Modifications, Amendments.**  This Settlement Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement.  No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

16.    **Court Retains Jurisdiction to Enforce Agreement.**  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.  Any action to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

17.    **Agreement to Cooperate/Severability.**  The Parties acknowledge that it is their intent to consummate this Settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

18.    **Counterparts.**  This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval with the Final Order Approving Settlement and there is no further recourse by an appellant or objector who seeks to contest the Settlement Agreement.  The Parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Named Plaintiffs and Nordic had signed the same instrument.  Any signature made and transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

19.    **Corporate Signatories.**  Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

20.    **Captions.**  The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

The Parties hereto knowingly and voluntarily executed this Collective Action Settlement Agreement and Release of Claims between the Named Plaintiffs and Nordic:

**IT IS SO AGREED.**


**NAMED PLAINTIFFS**

By:_____

Printed Name:___Helen Howard_____

Date:_____07/12/2021_____


By:_____

Printed Name:___Cyril Emiko_____

Date:_____7/9/2021_____


By:_____

Printed Name:___Felicia Bell_____

Date:_____f7/12/2021_____


**NORDIC CONSULTING PARTNERS, INC.**

By:_____

Printed Name:_____

Title:_____

Date:_____

The Parties hereto knowingly and voluntarily executed this Collective Action Settlement Agreement and Release of Claims between the Named Plaintiffs and Nordic:

**IT IS SO AGREED.**

**NAMED PLAINTIFFS**

By: _____

Printed Name: ___Helen Howard_____

Date: _____

By: _____

Printed Name: ___Cyril Emiko_____

Date: _____

By: _____

Printed Name: ___Felicia Bell_____

Date: _____

**NORDIC CONSULTING PARTNERS, INC.**

By: _____
        49C8901AC3A5449...

Printed Name: ___Glenn Cole_____

Title: ___CFO_____

Date: ___13 July 2021_____

**REVIEWED AND APPROVED AS TO FORM:**

**LICHTEN & LISS-RIORDAN, P.C.**

By: *Olena*

Printed Name:   Olena Savytska

**Plaintiffs' Counsel**

**BERGER MONTAGUE PC**

By: *Alexandra K. Piazza*

Printed Name:   Alexandra K. Piazza

**Plaintiffs' Counsel**


**REVIEWED AND APPROVED AS TO FORM:**

**HUSCH BLACKWELL LLP**

By:

Printed Name:   Andrew J. Weissler

**Nordic's Counsel**

14

**REVIEWED AND APPROVED AS TO FORM:**

**LICHTEN & LISS-RIORDAN, P.C.**

By:_____

Printed Name:__Olena Savytska_____

**Plaintiffs' Counsel**

**BERGER MONTAGUE PC**

By:_____

Printed Name:__Alexandra K. Piazza_____

**Plaintiffs' Counsel**


**REVIEWED AND APPROVED AS TO FORM:**

**HUSCH BLACKWELL LLP**

By:_____

Printed Name:__Andrew J. Weissler_____

**Nordic's Counsel**

14

Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HELEN HOWARD, CYRIL EMIKO, and FELICIA BELL, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>NORDIC CONSULTING, INC.<br><br>               Defendant. | Civil Action No. 5:20-CV-05392<br><br><br><br>Hon. John M. Gallagher |

<u>**NOTICE OF FLSA COLLECTIVE ACTION SETTLEMENT**</u>

**PLEASE READ THIS NOTICE CAREFULLY.**
**IT AFFECTS YOUR RIGHTS TO RECEIVE MONETARY COMPENSATION.**

You received this Notice of FLSA Collective Action Settlement ("Notice") because you are a Settlement Collective Member in the above-captioned case. In this case the Parties dispute whether you or any other Settlement Collective Member is entitled to overtime compensation. The term "Settlement Collective Member" means any individual who worked for Nordic Consulting Partners, Inc.[1] ("Nordic") as a credentialed trainer (either on an hourly or salaried basis); as a security employee; or as a principal trainer with job duties similar to those of credentialed trainers from October 28, 2017, to the present ("Relevant Time Period) and who worked more than 40 hours in any workweek without receiving overtime compensation.

Because you fit this definition, **you are entitled to receive money from a Settlement. Your Settlement Award is estimated to be $[GROSS AWARD VALUE] as set forth in more detail below.**

**THE RESPONSE DEADLINE FOR YOUR OPT-IN CONSENT FORM IS [DATE], 2021.**

| |
|---|
| **1.      Why Should You Read This Notice?** |

This Notice explains your right to share in the monetary proceeds of this Settlement. The United States District Court for the Eastern District of Pennsylvania has already approved the Settlement as fair and reasonable.

---

[1] The Defendant's name in the caption is incorrect. The correct name of the party to this Settlement Agreement is Nordic Consulting Partners, Inc.

| **2.** | **What Is This Case About?** |
|---|---|

This lawsuit alleges that Settlement Collective Members were misclassified as exempt employees and were not paid overtime compensation to which they were allegedly entitled under the law when they worked over 40 hours in a workweek. Nordic denies these allegations but has agreed to settle the lawsuit to avoid the burden, expense, and inconvenience of continued litigation.

On [DATE], 2021, the Court approved the Settlement as fair and reasonable and authorized that this Notice be sent to you so that you could participate.

| **3.** | **What Is The Amount Of The Settlement?** |
|---|---|

Nordic has agreed to pay Two Hundred Sixty Five Thousand Dollars ($265,000.00) to settle this lawsuit (the "Maximum Settlement Amount"). Deductions from this amount will be made for attorneys' fees and costs of one-third of the Gross Settlement Amount ($88,333.33), settlement administration costs up to $1,000, and service awards of $2,500 for each of the three Named Plaintiffs. After these deductions, the remaining amount of $168,166.67 (the "Net Settlement Amount") is available to pay Settlement Awards to the Plaintiffs and all Settlement Collective Members who sign and return the enclosed Opt-in Consent Form ("Participating Collective Members").

**PLEASE SIGN AND RETURN THE ENCLOSED CLAIM FORM TO RECEIVE YOUR SETTLEMENT AWARD BY [DATE], 2021.**

| **4.** | **How Will The Net Settlement Amount Be Distributed And How Much Will I Receive?** |
|---|---|

The Settlement Administrator has applied the following objective formula that takes into account the tenure and payroll records of each Settlement Collective Member during the Relevant Time Period:

> To calculate each Collective Member's Individual Settlement Award, the Settlement Administrator will multiply the Net Settlement Amount by the Collective Member's Percentage Share. Each Collective Member's Percentage Share shall be calculated by dividing each Collective Member's total individual Workweeks by the Total Workweeks of all Collective Members.

According to Nordic's records, the application of the above formula means that your Settlement Award is estimated to be $[GROSS AWARD VALUE].

One-half of each Individual Settlement Award will be reported on an IRS Form W-2. The remaining one-half of each Individual Settlement Award shall not be subject to payroll withholdings and shall be reported on an IRS Form 1099. If you receive a Settlement Award, you will have 180 days to cash or deposit your Settlement Award check. If at the conclusion of the 180-day check-cashing period you have not cashed or deposited your check, the funds shall revert to Nordic.

**It is your responsibility to keep your current mailing address on file with the Settlement Administrator to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| | |
|---|---|
| **5.** | **What Claims Am I Releasing?** |

Settlement Collective Members who sign and return the enclosed Opt-in Consent Form shall release all claims, demands, rights, liabilities, and causes of action that were or could have been asserted for all federal and state wage-and-hour violations against Nordic, including, but not limited to, the FLSA, as amended, 29 U.S.C. §§ 201 *et seq.*, and any similar claims under state or federal law for the time period of October 28, 2017 to [DATE].

Please note that if you do not sign and return the Opt-in Consent Form, you will release no claims.

| | |
|---|---|
| **6.** | **How Do I Submit My Claim Form?** |

You may return the Opt-in Consent Form to the Settlement Administrator by mail, email, facsimile, or electronic signature, at:

[Settlement Administrator Information]

You may also complete an online Claim Form at: [short link] **Access Code: Nordic**

**THE RESPONSE DEADLINE FOR YOUR OPT-IN CONSENT FORM IS [DATE], 2021.**

| | |
|---|---|
| **7.** | **Can Defendant Retaliate Against Me for Participating in this Lawsuit?** |

No. Nordic will not take any adverse action against any Settlement Collective Member on the grounds that they are eligible to participate or does participate in the Settlement and submits an Opt-in Consent Form and shall not discourage any person from submitting an Opt-in Consent Form.

| | |
|---|---|
| **8.** | **Who Are The Attorneys Representing Plaintiffs and the Settlement Collective Members?** |

Plaintiffs and the Settlement Collective Members are represented by the following law firms:

| | |
|---|---|
| Alexandra K. Piazza | Sarah Schalman-Bergen |
| **BERGER & MONTAGUE, P.C.** | Olena Savytska |
| 1818 Market Street, Suite 3600 | **LICHTEN & LISS-RIORDAN, P.C.** |
| Philadelphia, Pennsylvania 19103 | 729 Boylston St., Suite 2000 |
| | Boston, MA 02116 |

| 9. | Am I Responsible For Attorneys' Fees? |
|---|---|

No. Plaintiffs' Counsel will be paid from the Maximum Settlement Amount as set forth above. You do not have to pay the attorneys any additional funds. The Settlement Agreement provides that Plaintiffs' Counsel will receive one-third of the Gross Settlement Amount ($83,333.33) for attorneys' fees and costs.

| 10. | Where Can I Get More Information? |
|---|---|

If you have questions about this Notice, please contact the Settlement Administrator.

Note this Notice contains a summary of the Settlement. For more detailed information, you may review the Settlement Agreement which contains the complete terms of the Settlement, which is publicly accessible and on file with the court. You may also request a copy from the Settlement Administrator.

**PLEASE DO NOT CONTACT THE COURT**

Exhibit D

## OPT-IN CONSENT FORM

*Howard, et al. v. Nordic Consulting, Inc.*, No. 5:20-CV-05392 (E.D. Penn.)

**COMPLETE AND MAIL, FAX, OR EMAIL THIS FORM TO:**
[Settlement Administrator Information]

You may also complete an online Claim Form at: [short link] **Access Code: Nordic**

| **CLAIMANT INFORMATION:** | If different than the preprinted data to the left, please |
|---|---|
| [INSERT CLAIMANT NAME AND ADDRESS] | print your correct legal name current address, telephone no. and email address here: |

**Telephone No.:**

**Email Address:**

**TO RECEIVE A SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS CLAIM FORM POSTMARKED BY [DATE], 2021.**

By signing below, I certify that I hereby consent and agree to join the above-referenced action as an Opt-In Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and I affirm my release of Nordic Consulting Partners, Inc. (as well as its former and current directors, officers, agents, shareholders employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities) (collectively, "Nordic") from all claims, demands, rights, liabilities, and causes of action that were or could have been asserted for all federal and state wage-and-hour violations against Nordic, including, but not limited to, the FLSA, as amended, 29 U.S.C. §§ 201 *et seq.*, and any similar claims under state or federal law for the time period of October 28, 2017 to [DATE].

Date:_____

_____
Signature

_____
Print Name

*NOTE -- If your mailing address changes, you must send the Settlement Administrator your new address. It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HELEN HOWARD, CYRIL EMIKO, and FELICIA BELL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 5:20-CV-05392 |
| v. | |
| NORDIC CONSULTING, INC. | Hon. John M. Gallagher |
| Defendant. | |

<u>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR**</u>
<u>**APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT**</u>

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiffs'

Unopposed Motion for Approval of Fair Labor Standards Act Settlement, the Court grants

Plaintiffs' Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is approved as a fair and reasonable resolution of a

*bona fide* dispute under the Fair Labor Standards Act;

2. For settlement purposes only, the following Settlement Collective is certified pursuant

to 29 U.S.C. § 216(b):

> All individuals who worked for Nordic Consulting Partners, Inc as credentialed trainers (either on an hourly or salaried basis); as security employees; or as principal trainers with job duties similar to those of credentialed trainers from October 28, 2017, to the date of approval of the Settlement Agreement and who worked more than 40 hours in any workweek without receiving overtime compensation.

3. The service awards to Plaintiffs Helen Howard, Cyril Emiko, and Felicia Bell in the

amount of $2,500.00 each for their efforts in bringing and prosecuting this matter are approved;

4. Plaintiffs' unopposed request for attorneys' fees and costs is granted, and attorneys'

fees and costs in the amount of $88,333.33 are approved.

1

5. CPT Group Class Action Administrators is approved as Settlement Administrator. Costs of the settlement administration not to exceed $1,000.00 are approved; any Administrator Costs in excess of the Estimated Administrator Costs shall be paid by Defendant separate from the Maximum Settlement Amount.

6. The proposed Notice, attached to the Settlement Agreement as Exhibit A, is approved, and shall be sent out pursuant to the terms of the Settlement Agreement;

7. The proposed Opt-in Consent Form, attached to the Settlement Agreement as Exhibit B, is approved, and shall be sent out pursuant to the terms of the Settlement Agreement;

6. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

7. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified Settlement Collective, and Defendant for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters. IT IS SO ORDERED.

SIGNED ON _____, 2021.

_____
John M. Gallagher, J.

2