IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN HOWARD, *et al.*,<br>    Plaintiffs,<br><br>   v.<br><br>NORDIC CONSULTING, INC.,<br>    Defendant. | :<br>:<br>:<br>:  Civil No. 20-cv-5392-JMG<br>:<br>:<br>: |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT

**AND NOW**, this 8th day of September, 2021, after careful consideration of Plaintiffs' Unopposed Motion for Approval of Fair Labor Standards Act Settlement (ECF No. 39), the Court hereby **GRANTS** the Motion (ECF No. 39) and further **ORDERS** as follows:

1. The Parties' Settlement Agreement is approved as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2. For settlement purposes only, the following Settlement Collective is certified pursuant to 29 U.S.C. § 216(b):

   > All individuals who worked for Nordic Consulting Partners, Inc as credentialed trainers (either on an hourly or salaried basis); as security employees; or as principal trainers with job duties similar to those of credentialed trainers from October 28, 2017, to the date of approval of the Settlement Agreement and who worked more than 40 hours in any workweek without receiving overtime compensation.

3. The service awards to Plaintiffs Helen Howard, Cyril Emiko, and Felicia Bell in the amount of $2,500.00 each for their efforts in bringing and prosecuting this matter are approved;

4. Plaintiffs' unopposed request for attorneys' fees and costs is granted, and attorneys' fees and costs in the amount of $88,333.33 are approved;

5. CPT Group Class Action Administrators is approved as Settlement Administrator. Costs of the settlement administration not to exceed $1,000.00 are approved; any Administrator Costs in excess of the Estimated Administrator Costs shall be paid by Defendant separate from the Maximum Settlement Amount;

6. The proposed Notice, attached to the Settlement Agreement as Exhibit A, is approved, and shall be sent out pursuant to the terms of the Settlement Agreement;

7. The proposed Opt-in Consent Form, attached to the Settlement Agreement as Exhibit B, is approved, and shall be sent out pursuant to the terms of the Settlement Agreement;

8. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

9. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified Settlement Collective, and Defendant for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.[1]

---

[1] We note that we are approving this settlement via a one-step process, as opposed to a two-step process of conditional approval followed by final approval. Our sister courts have approved Fair Labor Standards Act settlements in a similar fashion, and we are persuaded by their reasoning. *See, e.g., Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018) ("A one-step settlement approval process in FLSA collective actions is appropriate." (citations omitted)); *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-cv-10219-JGD, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017) ("A one-step approval process is appropriate in FLSA settlements that do not include proposed Federal Rule of Civil Procedure 23 class releases." (citations omitted)); *Prena v. BMO Fin. Corp.*, No. 15 C 09175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) ("One step is appropriate because this is an FLSA collective action, where collective members must affirmatively opt-in in order to be bound by the settlement (including the settlement's release provision)."). Further, courts in this District have approved such settlements through a one-step process. *See, e.g.*, Order, ECF No. 52, *Holbert v. Waste Mgmt., et al.*, No. 2:18-cv-02649-CMR (E.D. Pa. Aug. 7, 2019); Order, ECF No. 29, *Trusty v. Mog Int'l, LLC, et al.*, No. 18-cv-4912 (E.D. Pa. May 31, 2019).

3

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge